■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAE T. KELLAR, Appellant. [605 NYS2d 486] —Mikoll, J. P. Appeal, by permission, from an order of the County Court of Rensselear County (Dwyer, Jr., J.), entered October 6, 1992, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of rape in the first degree, rape in the third degree and sexual abuse in the first degree.

Defendant's CPL 440.10 motion was brought on the ground of newly discovered evidence, ineffective assistance of counsel and improper instructions to the jury which do not appear on the record. Defendant's characterization of his request for DNA testing under the rubric of "newly discovered evidence" is flawed. The presence of sperm and the possibility of DNA testing was, by defendant's own statements, fully known to him, and its use explored by him with his counsel in advance of trial. The motion to vacate the judgment on this ground is inappropriate (see, CPL 440.10 [1] [g]).

In the alternative defendant contends that the failure to have the DNA testing done constituted ineffective assistance of counsel in that defense counsel was in error in believing that the sperm could not be tested because it had not been refrigerated. We find that defendant's unjustified failure to raise this issue on his direct appeal from the judgment of

conviction requires a denial of the motion on this ground *(see,* CPL 440.10 [2] [a]; *People v Cooks,* 67 NY2d 100, 103).

Finally, we find no merit to defendant's contention that the verdicts should be vacated because the court incorrectly answered a jury inquiry without following CPL 310.30. Defendant urges that County Court gave the jury what defense counsel denotes as "what I thought was an *Allen* charge" in response to a note the jury sent the court on another matter. He urges that such a charge was precipitant and intimidating to the jury. Defendant separately contends that such instructions were made in his absence in violation of CPL 310.30. We note that the contention is based on defendant's sheer speculation that this might have happened. The argument of his trial counsel about "what [he] thought was an *Allen* charge" is also so diffuse that it fails to give support to the contention that any violation of CPL 310.30 occurred. In any event, this matter should have also been raised on direct appeal and we decline to address it now.

Yesawich Jr., Mercure, Crew III and Cardona, JJ., concur. Ordered that the order is affirmed.