■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS H. PARK, Appellant. [646 NYS2d 145] —Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Appelman, J.), dated December 19, 1991, which denied his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court, rendered January 9, 1991, convicting him of robbery in the first degree and robbery in the second degree, upon the ground that he was denied the effective assistance of trial counsel. By decision and order, dated January 30, 1995, this Court, *inter alia,* affirmed the judgment and remitted the matter to the Supreme Court, Queens County, to hear and report on the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was denied the effective assistance of trial counsel, and the appeal from the order dated December

19, 1991, was held in abeyance in the interim *(see, People v Park,* 211 AD2d 828). The Supreme Court, Queens County, has filed its report.

Ordered that the order is reversed, on the law, the defendant's motion is granted, the judgment is vacated, so much of the decision and order of this Court, dated January 30, 1995, as affirmed the judgment of conviction, is recalled and vacated, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

The defendant contends that he was deprived of the effective assistance of trial counsel by his counsel's failure to present witnesses who would have testified in support of an alibi defense, that the defendant's physical condition was such as to render it less likely that he was one of the perpetrators. On this record, it cannot be said that the failure to present the potential alibi witnesses constituted ineffective assistance of counsel. The Supreme Court credited the testimony that the potential alibi witnesses could not tell trial counsel with certainty that they were with the defendant on the day the crime for which he was convicted was committed. The Supreme Court's factual findings on this issue will not be disturbed on appeal *(see, People v Castaneda,* 198 AD2d 292). Therefore, given the weaknesses in the potential alibi defense, it appears that trial counsel had a valid tactical reason for failing to present an alibi defense at trial *(see, People v Norris,* 108 AD2d 760).

However, there appears to be no valid tactical reason for trial counsel's failure to present witnesses and other evidence which indicated that injuries the defendant had suffered as a result of a recent motorcycle accident made it unlikely that he committed the crime for which he was convicted *(see, People v Donovan,* 184 AD2d 654). Therefore, the judgment of conviction must be vacated and the defendant is granted a new trial. Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.