■ The People of the State of New York, Respondent, v Dessi Bravo, Appellant. [665 NYS2d 523] —Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Koch, J.), rendered August 8, 1995, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated March 10, 1997, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 (1) (g) to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The defendant was arrested for selling four vials of crack cocaine to an undercover officer during a buy-and-bust operation on the corner of Knickerbocker Avenue and Melrose Street in the Bushwick section of Brooklyn. Contrary to the defendant's contention, there was sufficient evidence to justify closing the courtroom during the testimony of the undercover officer who purchased the drugs. At a hearing conducted pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), the officer testified that she was actively involved in undercover drug sales on a daily basis in the neighborhood where the defendant was arrested. She also described the precautions she took to protect her anonymity and insisted that her life would be in jeopardy if her identity became known. Under these circumstances, the trial court did not improvidently exercise its discretion in closing the courtroom while the undercover officer was on the witness stand (*see, People v Ayala,* 90 NY2d 490; *People v Cebeda,* 211 AD2d 729; *People v Hill,* 209 AD2d 433; *People v Jamison,* 203 AD2d 385).

The defendant's further contention that the court erred in its charge on reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the challenged language was specifically approved by the Court of Appeals in *People v Cubino* (88 NY2d 998).

Turning to the defendant's motion pursuant to CPL 440.10 (1) (g) to vacate the judgment, we agree with the Supreme Court that the defendant failed to meet his burden of demonstrating that the evidence could not have been produced at the trial with due diligence or that the evidence was such that it would probably change the result if a new trial were granted (*see, People v Salemi,* 309 NY 208, 216, *cert denied* 350 US 950; *People v Aulla,* 207 AD2d 497, 498; *People v Penoyer,* 135 AD2d 42, 44, *affd* 72 NY2d 936; *People v Latella,* 112 AD2d 321, 322). O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.