The People of the State of New York, Respondent, v Arthur Stewart, Appellant. [669 NYS2d 840] —Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Roman, J.), rendered August 28, 1995, convicting him of burglary in the first degree and robbery in the second degree (four counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated April 30, 1997, which denied his motion to vacate the judgment pursuant to CPL 440.10 and to dismiss the indictment in the interest of justice pursuant to CPL 210.40.

Ordered that the judgment and order are affirmed.

Upon our review of the jury charge, we find that the verdict was not inherently contradictory (*see, People v Tucker*, 55 NY2d 1; *People v James*, 112 AD2d 380).

That branch of the defendant's motion which was to vacate the judgment of conviction on the ground of ineffective assistance of counsel was properly denied since the defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's decision not to call a certain alibi witness (*see, People v Garcia*, 75 NY2d 973; *People v Park*, 229 AD2d 598). The record showed that this witness, a flight attendant on the flight the defendant claimed to have taken from New York the day before the crime, was in ill health and unwilling to testify and, in any event, was unable to state with certainty that the defendant was a passenger on that flight. As such, his testimony would have been weak, at best, and may even have been detrimental to the defendant's case, which included four other alibi witnesses and an airline boarding pass bearing the defendant's name.

Since the Supreme Court properly denied that branch of the motion which was to vacate the judgment of conviction based on the failure to call the flight attendant as an alibi witness, the court correctly denied as academic the remaining branch of the motion which was to dismiss the indictment in the interest of justice based upon the flight attendant's intervening death. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.