■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIJYASU KANDEKORE, Appellant. [750 NYS2d 776] —Appeal by the defendant, by permission, from an order of the Supreme Court, Westchester County (Perone, J.), entered June 20, 2000, which denied his motion pursuant to CPL 440.10 (1) (g) to vacate a judgment of conviction of the same court (Cowhey, J.), rendered April 28, 1995, convicting him of assault in the second degree and driving while ability impaired, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The Supreme Court properly denied the defendant's motion to vacate his judgment of conviction, since the claims were either previously determined on the merits in the direct appeal (*see People v Kandekore,* 256 AD2d 590) or sufficiently appeared "on the record * * * to have permitted" adequate review thereof on the direct appeal (CPL 440.10 [2] [c]; *see* CPL 440.10 [2] [a]; *People v Cooks,* 67 NY2d 100).

To the extent that the defendant contends that alleged new evidence exists which warrants vacatur of his judgment of conviction, his motion was not made with "due diligence" following the discovery of the purportedly new evidence (CPL 440.10 [1] [g]; *see People v Stuart,* 123 AD2d 46, 54; *see also People v Boyette,* 201 AD2d 490, *habeas corpus granted on other grounds sub nom. Boyette v Lefevre,* 246 F3d 76). In any event, the defendant's claim that the People's failure to disclose such material constituted both *Brady* (*Brady v Maryland,* 373 US 83) and *Rosario* (*People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) violations is without merit (*see People v Boyette, supra*). Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.