People v Blount (2004 NY Slip Op 50741(U))

[*1]

People v Blount

2004 NY Slip Op 50741(U)

Decided on March 11, 2004

Supreme Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 11, 2004

Supreme Court, Queens County
THE PEOPLE OF THE STATE OF NEW YORK
against
LARRY BLOUNT, Defendant.
1096-94

Jason L. Russo, Esq., for defendant. Richard A. Brown, District Attorney, By: Michael A. Weisenfeld, Esq., for plaintiff.

Timothy J. Flaherty, J.
Defendant moves, pursuant to C.P.L. Section 440.10(1)(h),for an order vacating a judgment rendered on January 6, 1995,
after a trial by jury wherein he was convicted of two counts of Robbery in the First Degree, and three counts of Robbery in the Second Degree. The charges stemmed from two armed robberies, one on September 3, 1993 in a grocery store located at 92-30 91st Avenue and the other on September 10, 1993 in a grocery located at 91-06 Van Wyck Expressway, both in Queens County. Defendant was sentenced as a second felony offender two concurrent indeterminate terms of imprisonment of from twelve and a half to twenty five years on the Robbery 1 counts and seven and a half to fifteen years on the Robbery 2 counts. The defendant perfected an appeal from the judgment and on March 30, 1998 the Appellate Division affirmed the judgment in its entirety [People v. Blount, 248 AD2d 719 (2nd Dept 1998)]. Leave to appeal to the Court of Appeals was denied on August 12, 1998.
[*2]
In the instant application the defendant argues that the judgment should be vacated because he was deprived of effective assistance of counsel by his trial attorney, in violation of his rights under the state and federal constitutions. More specifically, he claims that his representation was defective because his lawyer declined to call alibi witnesses on his behalf. In support of his claim he submits a number of affidavits from various friends and relatives, which, if believed, provide partial or complete alibis for one or the other of the robberies underlying his conviction.
Both sides acknowledge that defense counsel was aware of the existence of this evidence but chose not to call them at the trial. The defendant contends that the failure to do so constitutes ineffective assistance of counsel. The District Attorney argues that this was a sound tactical decision on her part that cannot form the basis of the relief sought herein.
To succeed on a claim of ineffective assistance of counsel the defendant has a "high burden" [People v. Hobot, 84 NY2d 1021,1022 (1995)] to establish that his attorney's performance deprived him "of a fair trial by less than meaningful representation; a simple disagreement with strategies, [or] tactics ...weighed long after the trial, does not suffice." [People v. Flores, 84 NY2d 184, 187 (1994) (insert added)]. The burden is upon the defendant to "demonstrate the absence of strategic ... explanations" for the failure to call these witnesses [People v. Garcia, 75 NY2d 973 (1990); see also, People v Stewart, 248 AD2d 414 (2nd Dept 1998). The Court concludes that the defendant has failed to make such a demonstration.
Indeed, it is the prosecutor who has advanced a viable explanation for the decision made, almost a decade ago, by trial counsel, to forebear from calling alibi witnesses. The undisputed facts indicate that many of the alibi witnesses were prepared to testify that the defendant was at a celebration in another state at or around the time of the first robbery. Such testimony, according to the undisputed assertions of fact set forth by the prosecutor in his moving papers, would have opened the door to the introduction of a video tape of the celebration wherein the defendant was filmed wearing a distinctive bandana that apparently matched a description furnished by the victim of the second robbery.
Under these circumstances, it is more than understandable to the court, why trial counsel, an experienced and able attorney, elected not to interpose this defense. More importantly, it easily fits within the category of a reasoned and rational tactical stratagem that cannot be second guessed at this late date by reviewing courts under the applicable case law. Finally, this Court, having presided at the trial, is satisfied that the defendant was ably represented and received a fair trial. Accordingly, the motion is denied.
Order entered accordingly.
The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the attorney for the defendant and to the District Attorney.
DATED: March 11, 2004 ___________________________ 
TIMOTHY J. FLAHERTY, J.S.C.
Jason L. Russo, Esq., for defendant. 
Richard A. Brown, District Attorney, 
By: Michael A. Weisenfeld, Esq., for plaintiff.