■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT CEPHAS, Appellant. [934 NYS2d 410]—

Substantial justice does not dictate denial of resentencing, and we exercise our discretion to specify an appropriate resentence (*see e.g. People v Milton*, 86 AD3d 478 [2011]). It is undisputed that during defendant's imprisonment on the underlying 2003 conviction, he has been an exemplary prisoner, and has completed several work programs and substance abuse treatment programs.

The court denied the motion primarily on the basis of defendant's long criminal history. The court noted that defendant had completed programs during his prior incarcerations, yet had still relapsed into drugs and a life of crime.

However, in addition to completing the work and substance abuse programs, defendant has received highly favorable evaluations from corrections officials, including a social worker. Moreover, defendant has been accepted into a residential treatment program with a two-year commitment, providing a level of community drug treatment support that he has never had before. Under the circumstances presented, the positive factors cited by defendant outweighed the extent of his criminal history.

The People claim that the court erred, in several respects, when it found defendant statutorily eligible for resentencing. However, the determination of eligibility did not "adversely affect[ ] the appellant" (CPL 470.15 [1]). Therefore, the People's arguments concerning eligibility are not cognizable on this appeal (*see People v Concepcion*, 17 NY3d 192 [2011]; *People v LaFontaine*, 92 NY2d 470 [1998]). Concur—Saxe, J.P., Catterson, Moskowitz, Acosta and Renwick, JJ.