Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Brennan, J.), dated October 20, 2010, which denied, without a hearing, his motion pursuant to *985 CPL 440.10 to vacate a judgment of the same court (Juviler, J.) rendered April 13, 1990, convicting him of manslaughter in the second degree (two counts) and assault in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issues of ineffective assistance of counsel and actual innocence and a new determination thereafter of the defendant’s motion.
Since the defendant was sentenced in 1990, he has made four motions to vacate his judgment of conviction pursuant to CPL 440.10. On this appeal from the order denying the fourth motion, the defendant raises numerous claims. Some of these claims are premised, at least in part, on his trial attorney’s alleged failure to interview alibi witnesses. The defendant asserts that he did not know how to contact these witnesses, one of whom had been his girlfriend, in the many years since he was convicted. In their opposition papers submitted to the Supreme Court, the People argued that the defendant’s claim of ineffective assistance of counsel should be rejected under CPL 440.10 (3) (c), because the defendant was in a position to raise it in a prior motion to vacate the judgment of conviction, but did not. The Supreme Court declined to deny the defendant’s ineffective assistance claim on that discretionary procedural ground, but, instead, denied it on the merits.
On this appeal by the defendant, in which he contends that his allegations in support of his ineffective assistance claim were sufficient to require a hearing, the People assert, again, that the claim should be denied under the discretionary procedural bar of CPL 440.10 (3) (c). They request that we substitute our discretion for that of the Supreme Court and deny the claim on that basis. This we may not do. Inasmuch as the application of CPL 440.10 (3) (c) was not determined adversely to the defendant, who is the appellant on this appeal, we have no jurisdiction to consider it (see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998]; People v Harris, 93 AD3d 58, 66 [2012], affd 20 NY3d 912 [2012]; People v Cephas, 90 AD3d 557 [2011]). Moreover, upon considering the defendant’s claim of ineffective assistance of counsel on the merits, the Supreme Court, under the circumstances of this case, should have held a hearing (see People v Fogle, 307 AD2d 299 [2003]; cf. People v Colville, 20 NY3d 20, 32 [2012]).
Additionally, on remittal, the Supreme Court should hold a hearing to address the defendant’s claim that the judgment of *986 conviction should be vacated because the defendant is “actually innocent” of the crimes of which he was convicted (see CPL 440.10 [1] [h]; People v Hamilton, 115 AD3d 12 [2d Dept 2014]). As we recognized in Hamilton, a prima facie showing of actual innocence is made out when there is “ ‘ “a sufficient showing of possible merit to warrant a fuller exploration” ’ ” by the court (People v Hamilton, 115 AD3d at 27, quoting Goldblum v Klem, 510 F3d 204, 219 [3d Cir 2007], cert denied 555 US 850 [2008], quoting Bennett v United States, 119 F3d 468, 469 [7th Cir 1997]). Here, the defendant made the requisite prima facie showing. Specifically, in support of his claim of actual innocence, he submitted affidavits from alibi witnesses who, although they had been identified before trial in a notice of alibi (see CPL 250.20 [1]), had not testified at trial.
The Supreme Court properly rejected, without a hearing, the defendant’s contention that the judgment of conviction should be vacated based upon an alleged violation of Brady v Maryland (373 US 83 [1963]; see People v Fuentes, 12 NY3d 259, 263 [2009]).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing on the issues of ineffective assistance of counsel and actual innocence and a new determination thereafter of the defendant’s motion to vacate the judgment of conviction.
Mastro, J.P, Balkin, Hall and Austin, JJ., concur.