Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (McCann, J.), dated June 18, 2012, which denied, without a hearing, her motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered April 1, 2009, convicting her of assault in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
Ordered that the order is affirmed.
Contrary to the defendant’s contention on her motion pursuant to CPL 440.10 to vacate a judgment of conviction, she was not deprived of the effective assistance of counsel under either the New York Constitution or the United States Constitution (see Strickland v Washington, 466 US 668 [1984]; People v Caban, 5 NY3d 143 [2005]). The defendant failed to demonstrate the absence of a strategic explanation for trial counsel’s decision not to present certain expert testimony and instead to cross-examine the People’s witnesses based on the opinion of a medical expert he received prior to trial, and also to focus on the mens rea element of assault in the first degree (see People v Benevento, 91 NY2d 708, 712 [1998]; People v McDonald, 79 AD3d 771, 772 [2010]; Flick v Warren, 465 Fed Appx 461, 465 [6th Cir 2012]). In any event, counsel’s decision not to present expert testimony at trial was not unreasonable. The opinion offered by the defendant’s expert did not demonstrate that the massive brain injuries the child complainant suffered, which the People’s experts attributed to shaken baby syndrome, were caused by anything other than shaken baby syndrome.
That branch of the defendant’s motion which was to vacate the judgment based on newly discovered evidence was properly denied, since the evidence the defendant offered was not newly discovered within the meaning of CPL 440.10 (1) (g) (see People v Salemi, 309 NY 208, 216 [1955], cert denied 350 US 950 [1956]; People v Kellar, 199 AD2d 703 [1993]).
We reject the defendant’s claim of actual innocence, as she *878 failed to make out “a sufficient showing of possible merit to warrant a fuller exploration by the court” (see People v Hamilton, 115 AD3d 12, 27 [2014] [internal quotation marks omitted]). Rivera, J.E, Leventhal, Chambers and Lott, JJ., concur.