■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER WOODS, Appellant. [990 NYS2d 827]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (McKay, J.), dated June 30, 2011,

which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered October 18, 2005, convicting him of murder in the second degree, assault in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The defendant contends that the Supreme Court should have held a hearing on his claim, raised in his motion pursuant to CPL 440.10 to vacate his judgment of conviction, that he is "actually innocent" of murder in the second degree. "A prima facie showing of actual innocence [requiring a hearing] is made out when there is 'a sufficient showing of possible merit to warrant a fuller exploration' by the court" (*People v Hamilton*, 115 AD3d 12, 27 [2014], quoting *Goldblum v Klem*, 510 F3d 204, 219 [3d Cir 2007]). Here, the defendant failed to make a prima facie showing of actual innocence sufficient to warrant a hearing (*see People v Caldavado*, 116 AD3d 877 [2014]; *cf. People v Hamilton*, 115 AD3d at 27).

Contrary to the defendant's contention, also raised on his motion pursuant to CPL 440.10, he was not deprived of the effective assistance of counsel under either the New York Constitution or the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708 [1998]).

Accordingly, the Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.