■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD GRIFFIN, Appellant. [991 NYS2d 896]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Gary, J.), dated January 3, 2013, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered December 4, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The Supreme Court properly denied, without a hearing, that branch of the defendant's motion which was to vacate his conviction based on newly discovered evidence, since the evidence the defendant offered was not newly discovered within the meaning of CPL 440.10 (1) (g). In this regard, the defendant failed to meet his burden of demonstrating that the testimony of one particular witness could not have been produced at the trial with due diligence, or that the testimony of another witness, on its own, would probably change the result if a new trial were granted (*see People v Salemi*, 309 NY 208, 216 [1955]; *People v Cruz*, 23 AD3d 577 [2005]; *People v Bravo*, 243 AD2d 640 [1997]; *People v Jackson*, 238 AD2d 877 [1997]).

The Supreme Court also providently exercised its discretion in summarily denying that branch of the defendant's motion which was pursuant to CPL 440.10 (1) (h) to vacate his conviction based on actual innocence. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency of evidence of guilt, and must be based upon reliable evidence which was not presented at the trial" (*People v Hamilton*, 115 AD3d 12, 23 [2014] [citation omitted]; *see Bousley v United States*, 523 US 614, 623-624 [1998]). "A prima facie showing of actual innocence is made out when there is 'a sufficient showing of possible merit to warrant a fuller exploration' by the court" (*People v Hamilton*, 115 AD3d at 27, quoting *Goldblum v Klem*, 510 F3d 204, 219 [2007]; *see People v Caldavado*, 116 AD3d 877 [2014]; *People v Jones*, 115 AD3d 984 [2014]). If the defendant meets this prima facie burden, a hearing on the claim is conducted (*see People v Hamilton*, 115 AD3d at 27). Here, the defendant failed to make the requisite prima facie showing, and, thus, no hearing was warranted (*see People v Hamilton*, 115

AD3d at 28; *People v Caldavado*, 116 AD3d at 877; *People v Jones*, 115 AD3d at 984). Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur. 