People v Ramos (2021 NY Slip Op 03200)





People v Ramos


2021 NY Slip Op 03200


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2013-08255 
2019-02363
 (Ind. No. 6502/12)

[*1]The People of the State of New York, respondent,
v
John Ramos, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Mark Dwyer, J.), rendered July 19, 2013, convicting him of course of sexual conduct against a child in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated February 5, 2019, which, after a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction rendered July 19, 2013.
ORDERED that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.10 to vacate the judgment is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial; and it is further,
ORDERED that the appeal from the judgment is dismissed as academic in light of our determination on the appeal from the order.
The defendant was convicted, upon a jury verdict, of course of sexual conduct against a child in the second degree (Penal Law § 130.80[1][b]) and endangering the welfare of a child (Penal Law § 260.10[1]). Thereafter, the defendant moved pursuant to CPL 440.10(1)(h) (hereinafter the 440 motion) to vacate the judgment of conviction on the grounds of ineffective assistance of counsel and actual innocence. After a hearing on the claim of ineffective assistance of counsel only, the Supreme Court, in an order dated February 5, 2019, denied the 440 motion in its entirety. This Court granted the defendant leave to appeal from the order, and consolidated the appeal from the order with the defendant's direct appeal from the judgment of conviction.
"In an adversarial system of justice, the fundamental right to the effective assistance of counsel is essential to a criminal defendant's due process entitlement to a fair trial" (People v Clarke, 66 AD3d 694, 696, citing People v Caban, 5 NY3d 143, 152 and People v Benevento, 91 NY2d 708, 711; see US Const 6th Amend; NY Const, art I, § 6). Under the New York Constitution, a defendant must show that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d 137, 147). A reviewing court must examine whether "the evidence, the law, and the circumstances of [the] particular case, viewed in totality and as of the time of the representation, [*2]reveal that the attorney provided meaningful representation" (id. at 147; see People v Corchado, 175 AD3d 705, 707-708; People v Clarke, 66 AD3d at 696). "To prevail on a claim of ineffective assistance of counsel, 'it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for the alleged shortcomings of counsel" (People v Clarke, 66 AD3d at 696, quoting People v Rivera, 71 NY2d 705, 709).
Upon our review of the totality of the record herein, we find that the cumulative effect of trial counsel's errors deprived the defendant of meaningful representation and a fair trial (see People v Baldi, 54 NY2d at 147; People v Clarke, 66 AD3d at 698).
Under the circumstances of this case, where the determination of guilt hinged on sharp issues of credibility, we find that trial counsel lacked a strategic or legitimate justification for the failure to investigate the defendant's alleged alibi defense (see People v Graham, 129 AD3d 860, 862-863), and to present evidence to impeach the complainant's testimony as to the duration and frequency of the alleged abuse (see People v Clarke, 66 AD3d at 696-698; cf. People v Park, 229 AD2d 598, 599). Further, trial counsel failed to impeach the complainant with her sworn testimony given in the grand jury, which contradicted her trial testimony in various respects (see People v Clarke, 66 AD3d at 696-698). Notwithstanding a pretrial ruling by the court precluding the People from eliciting testimony regarding an early 2010 conversation about the alleged abuse between the complainant and her friend, trial counsel failed to object when such testimony was elicited at the trial. As such, counsel failed in his duty to protect the defendant's interests by objecting to the People's introduction of inadmissible evidence (see People v De Jesus, 42 NY2d 519, 526; People v Corchado, 175 AD3d at 708; People v Clarke, 66 AD3d at 697). The cumulative effect of these errors was to deprive the defendant of "meaningful representation" by his trial counsel (see People v Bodden, 82 AD3d 781, 783; People v Clarke, 66 AD3d at 698). Accordingly, the court should have granted the 440 motion to vacate the defendant's conviction on the ground of ineffective assistance of counsel.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in summarily declining to vacate his conviction on the ground of actual innocence (see People v Griffin, 120 AD3d 1257, 1257). "[W]ith respect to a claim of actual innocence, as distinguished from a specific constitutional violation, a constitutional violation occurs only if there is clear and convincing evidence that the defendant is innocent" (People v Hamilton, 115 AD3d 12, 27). "Mere doubt as to the defendant's guilt, or a preponderance of conflicting evidence as to the defendant's guilt, is insufficient, since a convicted defendant no longer enjoys the presumption of innocence, and in fact is presumed to be guilty" (id. at 27). "A prima facie showing of actual innocence is made out when there is a sufficient showing of possible merit to warrant a fuller exploration'" by the court (id. [internal quotation marks omitted]). Here, while providing various means of impeaching the complainant's credibility, the evidence proffered by the defendant in support of the 440 motion did not constitute a sufficient showing of possible merit to warrant further exploration.
In light of our determination, we need not reach the defendant's remaining contentions, including those raised on the direct appeal from the judgment of conviction.
MILLER, J.P., LASALLE, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court