People v Viera (2021 NY Slip Op 06713)





People v Viera


2021 NY Slip Op 06713


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-01365
 (Ind. No. 524/09)

[*1]The People of the State of New York, respondent,
v
Brandon Viera, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission and pursuant to CPL 450.10(5), from an order of the Supreme Court, Kings County (John T. Hecht, J.), dated December 5, 2018, which, denied, without a hearing, his renewed motion pursuant to CPL 440.10 to vacate a judgment of the same court (Raymond Guzman, J.) rendered November 30, 2009, convicting him of attempted murder in the second degree, assault in the first degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and pursuant to CPL 440.30(1-a) for forensic DNA testing of certain evidence.
ORDERED that the order is affirmed.
The Supreme Court providently exercised its discretion in summarily denying that branch of the defendant's renewed motion which was pursuant to CPL 440.10 to vacate his judgment of conviction based on actual innocence. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency of evidence of guilt, and must be based upon reliable evidence which was not presented at the trial" (People v Hamilton, 115 AD3d 12, 23 [citation omitted]; see Bousley v United States, 523 US 614, 623-624). "A prima facie showing of actual innocence is made out when there is 'a sufficient showing of possible merit to warrant a fuller exploration' by the court" (People v Hamilton, 115 AD3d at 27, quoting Goldblum v Klem, 510 F3d 204, 219 [3d Cir]; see People v Jones, 115 AD3d 984). If the defendant meets this prima facie burden, a hearing on the claim is conducted (see People v Hamilton, 115 AD3d at 27). Here, the defendant failed to make the requisite prima facie showing, and thus, no hearing was warranted (see People v Jones, 115 AD3d at 984; People v Hamilton, 115 AD3d at 28).
The Supreme Court also providently exercised its discretion in summarily denying that branch of the defendant's renewed motion which was pursuant to CPL 440.10 to vacate his judgment of conviction based on ineffective assistance of counsel. Contrary to the defendant's contention, the court could determine from the parties' submissions that the defendant was not deprived of the effective assistance of counsel (see People v Satterfield, 66 NY2d 796, 799-800). The defendant failed to show that counsel acted without strategic or other legitimate explanation for the challenged conduct (see People v Rivera, 71 NY2d 705, 709).
Furthermore, the defendant failed to show that there was a reasonable probability that the verdict would have been more favorable to him had DNA testing been performed and the results admitted at trial (see CPL 440.30[1-a]; People v Griffin, 121 AD3d 1127; People v Bellezza, 119 AD3d 598, 598-599). Accordingly, the Supreme Court providently exercised its discretion in summarily denying that branch of the defendant's renewed motion which was pursuant to CPL 440.30(1-a) for forensic DNA testing of certain evidence.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court