People v Green (2022 NY Slip Op 00315)





People v Green


2022 NY Slip Op 00315


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2019-11959
 (Ind. No. 10862/87)

[*1]The People of the State of New York, respondent,
v
Anthony Green, appellant.


Justin C. Bonus, Forest Hills, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Vincent M. Del Guidice, J.), dated August 29, 2019, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Philip E. Lagana, J.) rendered March 14, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPL 440.10(1)(h) to vacate the judgment of conviction on the ground of actual innocence; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a hearing and new determination, on the merits, of that branch of the defendant's motion.
The defendant was convicted, upon a jury verdict, of murder in the second degree, arising from the shooting of Demetrius Ware in Brooklyn on September 22, 1987. The defendant's conviction was based in part on the testimony of Vicki Colon, the sole witness to testify that she saw the defendant shoot Ware. Soon after the trial, in an affidavit, Colon recanted her trial testimony and averred that she was not present during the shooting.
Since the defendant was sentenced in 1990, he has made four motions pursuant to CPL 440.10 to vacate the judgment of conviction. On his fourth motion, the subject of this appeal, the defendant raised numerous claims, including that vacatur of the judgment of conviction was warranted on the basis of actual innocence. In support, the defendant submitted affidavits from four alleged witnesses, each of whom described another individual—not the defendant—as the shooter. The defendant also submitted an affidavit from a fifth alleged witness who averred that he saw that same individual arguing with Ware, heard four to five gun shots, and saw the same individual running away while stuffing a gun into his jacket. In addition, the defendant submitted affidavits from Colon, who averred that she was not present during the shooting, which was consistent with what she initially told the police. In the order appealed from, the Supreme Court, without a hearing, denied the defendant's motion.
"'[A]ctual innocence' means factual innocence, not mere legal insufficiency of evidence of guilt, and must be based upon reliable evidence which was not presented at the trial" (People v Hamilton, 115 AD3d 12, 23 [citation omitted]; see Bousley v United States, 523 US 614, 623-624). Further, "[m]ere doubt as to the defendant's guilt, or a preponderance of conflicting evidence as to the defendant's guilt, is insufficient, since a convicted defendant no longer enjoys the presumption of innocence, and in fact is presumed to be guilty" (People v Hamilton, 115 AD3d at 27). "A prima facie showing of actual innocence is made out when there is 'a sufficient showing of possible merit to warrant a fuller exploration'" (id., quoting Goldblum v Klem, 510 F3d 204, 219 [3d Cir] [internal quotation marks omitted]). Upon a prima facie showing, a hearing should be conducted on a defendant's claim of actual innocence (see People v Griffin, 120 AD3d 1257; People v Jones, 115 AD3d 984, 986; People v Hamilton, 115 AD3d at 27).
Here, the defendant made a prima facie showing based upon the five affidavits from the alleged witnesses that he submitted and Colon's recantation of her trial testimony (see People v Jones, 115 AD3d at 986; People v Hamilton, 115 AD3d at 27). Thus, there should be a hearing on the defendant's claim of actual innocence.
The Supreme Court properly denied, without a hearing, that branch of the defendant's motion which was to vacate the judgment of conviction based on newly discovered evidence, as the defendant failed to demonstrate that his motion was made with due diligence following the discovery of the new evidence (see People v Clemmons, 177 AD3d 899, 900; People v Kandekore, 300 AD2d 318, 319).
The defendant contends that the Supreme Court should not have denied that branch of his motion which was to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel because of his counsel's failure to object to a confirmatory identification. Although the court held that the defendant's ineffective assistance of counsel claim was subject to the mandatory procedural bar under CPL 440.10(2)(c) because the claim could have been brought on direct appeal, effective October 25, 2021, CPL 440.10(2)(c) does not apply to the issue of ineffective assistance of counsel. Nevertheless, the court also stated that it was denying that branch of the motion pursuant to CPL 440.10(3)(c). CPL 440.10(3)(c) provides that "the court may deny a motion to vacate a judgment when . . . [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so" (id.; see People v Edmee, 183 AD3d 759, 760-761). Here, the defendant made three previous motions to vacate his conviction pursuant to CPL 440.10 and the defendant was in a position to adequately raise his current ineffective assistance of counsel claim in those prior motions but did not do so. Accordingly, the court providently exercised its discretion in denying that branch of the defendant's motion which was to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel.
The defendant's remaining contentions are without merit.
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing and a new determination, on the merits, of that branch of the defendant's motion which was pursuant to CPL 440.10(1)(h) to vacate the judgment of conviction on the ground of actual innocence.
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court