People v Stokes (2022 NY Slip Op 07101)

People v Stokes

2022 NY Slip Op 07101

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

113143
[*1]The People of the State of New York, Respondent,
v
James E. Stokes, Appellant.

Calendar Date:November 21, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Matthew C. Hug, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal, by permission, from an order of the Supreme Court (Roger D. McDonough, J.), entered October 26, 2021 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal sale of a firearm in the third degree, without a hearing.
Following a jury trial, defendant was convicted of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal sale of a firearm in the third degree and was sentenced, as a second felony offender, to an aggregate prison term of 14 years followed by five years of postrelease supervision. Upon defendant's direct appeal, this Court affirmed (141 AD3d 1032 [3d Dept 2016], lv denied 28 NY3d 1075 [2016]). In October 2020, defendant brought a pro se motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction.[FN1] Supreme Court denied the motion without a hearing, and defendant appeals, by permission, from the court's resulting order.
Preliminarily, we reject defendant's assertion that the People's failure to respond to his CPL 440.10 motion amounted to a concession of the facts alleged therein, thereby compelling Supreme Court to summarily grant the motion. Consistent with the provisions of CPL 440.30 (1) (a), "the People may — but are not required to — file an answer denying or admitting any or all of the allegations of the motion papers" (People v Miller, 199 AD3d 1058, 1060 [3d Dept 2021] [internal quotation marks and citation omitted], lv denied 37 NY3d 1147 [2021]). Hence, the People's failure to file an answer or otherwise respond to defendant's motion did not require Supreme Court to grant it (see People v Anderson, 104 AD3d 968, 972 [3d Dept 2013], lv denied 21 NY3d 1013 [2013]; People v Hoffler, 74 AD3d 1632, 1635 n 4 [3d Dept 2010], lv denied 17 NY3d 859 [2011]).
As to the merits, defendant's present motion is premised upon newly discovered evidence of prosecutorial misconduct — namely, the People's failure to disclose an alleged "plea deal" involving a particular trial witness and her then boyfriend, as well as the People's purported failure to disclose the witness' complete criminal history. According to defendant, the People did not disclose the witness' "rap sheet" but, instead, provided defendant's trial counsel with a typewritten list of the witness' criminal convictions. Absent from this list, defendant contends, was the witness' misdemeanor conviction for endangering the welfare of a child. Defendant further asserts that both the witness in question and her then boyfriend, the latter of whom allegedly sold the weapon at issue to defendant, received a favorable "plea deal" in return for their cooperation in the prosecution of defendant. Defendant maintains that the People's asserted omissions, which he did not discover until some point after sentencing, [*2]give rise to a Brady violation and warrant vacatur of his conviction. We disagree.
As for the existence of the purported plea deal, defendant acknowledges that the People did not call the witness' boyfriend to testify at trial, and defendant's unsubstantiated assertion that the witness in question received favorable treatment in exchange for her testimony is undermined by the record, which reflects that the witness was sentenced upon her conviction of endangering the welfare of a child more than six months before she testified on behalf of the People. Additionally, the witness was cross-examined by defendant's trial counsel regarding whether she received "some kind of favorable treatment" in exchange for providing authorities with "information about a gun," in response to which she indicated that she "wasn't getting [anything] out of it." In light of such testimony, and absent any other evidence to support the existence of the alleged plea deal, defendant's allegation in this regard is insufficient to warrant the requested relief (see CPL 440.30 [4] [d]).
We reach a similar conclusion with respect to the asserted Brady violation. To be sure, "the People are required to timely disclose all exculpatory and material evidence, including evidence that could be used to challenge the credibility of a crucial prosecution witness" (People v Slivienski, 204 AD3d 1228, 1239 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 1136 [2022]). A defendant seeking to establish a Brady violation "must demonstrate that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Wideman, 192 AD3d 1384, 1387 [3d Dept 2021] [internal quotation marks and citation omitted], affd 38 NY3d 1067 [2022]; accord People v Houze, 177 AD3d 1184, 1187 [3d Dept 2019], lv denied 34 NY3d 1159 [2020]).
The People concede that the evidence at issue — the witness' conviction of endangering the welfare of a child — is impeaching in nature, and there is no question that defendant specifically requested, as relevant here, "the criminal records of the People's witnesses." Although the parties debate whether the witness' entire criminal record, including the subject conviction, was in fact disclosed to defendant prior to trial, this factual dispute is not dispositive. Where, as here, a defendant makes a specific request for undisclosed evidence, the materiality element is satisfied only if "there exists a reasonable possibility that [such evidence] would have changed the result of the proceeding[]" (People v Fuentes, 12 NY3d 259, 263 [2009] [internal quotation marks and citation omitted]; see People v Spruill, 164 AD3d 1270, 1273 [2d Dept 2018], lv denied 33 NY3d 954 [2019]; People v Lewis, 125 AD3d 1109, 1112 [3d Dept 2015]). Given defense counsel's extensive cross-examination of the [*3]witness regarding her longstanding criminal history, as well as the fact that the witness was incarcerated at the time of trial — having been sentenced as a second felony offender upon her conviction of a class E felony — we are unable to conclude that the timely disclosure of the witness' misdemeanor conviction of endangering the welfare of a child would have changed the outcome of defendant's trial. As we are not persuaded that a Brady violation occurred here, it necessarily follows that defendant's motion to vacate — to the extent that it was premised upon prosecutorial misconduct (see CPL 440.10 [1] [b]) — must fail.
The balance of defendant's motion to vacate, which is grounded upon defendant's claim that the undisclosed misdemeanor conviction constitutes newly discovered evidence (see CPL 440.10 [1] [g]), is equally unavailing. "To warrant a new trial based upon newly discovered evidence, the defendant bears the burden of establishing, by a preponderance of the evidence (see CPL 440.30 [6]), that, among other things, the newly discovered evidence is of such a character that it would probably, not merely possibly, change the result upon retrial" (People v Nelson, 171 AD3d 1251, 1252 [3d Dept 2019] [citations omitted], lv denied 36 NY3d 1058 [2021]). Even assuming, without deciding, that the People indeed never disclosed the witness' misdemeanor conviction and/or her "File 15" to the defense, we simply are unable to conclude — viewed in the context of the witness' extensive criminal history, which included convictions for crimes that directly impacted upon her character and integrity — that disclosure of the subject conviction likely would lead to a different outcome for defendant. For all of these reasons, we are satisfied that Supreme Court properly denied defendant's motion to vacate the judgment of conviction without a hearing. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: Defendant's affidavit in support of this motion reflects that he unsuccessfully sought such relief on two prior occasions, but neither the substance of those motions nor the orders denying the requested relief appear in the record.