People v Hengjun Chao (2023 NY Slip Op 03240)

People v Hengjun Chao

2023 NY Slip Op 03240

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2017-09154
 (Ind. No. 1002/16)

[*1]The People of the State of New York, respondent,
v
Hengjun Chao, appellant.

Hengjun Chao, Auburn, NY, appellant pro se.
Miriam E. Rocah, District Attorney, White Plains, NY (Steven A. Bender and Jill Oziemblewski of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry Warhit, J.), rendered August 9, 2017, convicting him of attempted murder in the second degree, criminal use of a firearm in the first degree, and assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In April 2009, an investigating committee from the Icahn School of Medicine at Mount Sinai issued a report concluding that the defendant committed scientific misconduct. In May 2009, the complainant, who was the defendant's supervisor, issued a letter terminating the defendant's employment. In August 2016, outside of a delicatessen in Westchester County, the defendant fired a shotgun at the complainant. After a jury trial, the defendant was convicted of attempted murder and related crimes.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the evidence before the grand jury was legally insufficient to indict him is not reviewable on this appeal because the defendant's guilt was proven beyond a reasonable doubt at trial (see CPL 210.30[6]; People v Molina, 188 AD3d 920, 923). His contention that the indictment should have been dismissed because perjured testimony was submitted to the grand jury is also not reviewable on this appeal, since the judgment of conviction was based upon legally sufficient trial evidence (see People v Hayes, 44 AD3d 683, 683-684).
To the extent that the defendant contends that there was prosecutorial misconduct [*2]because the testimony of a medical expert called by the People was inconsistent with certain documentation admitted into evidence at trial, his contention is unpreserved for appellate review (see CPL 470.05[2]; People v Jordan, 181 AD2d 745, 746-747). In any event, "not every inconsistency . . . implies that the witness' testimony is perjurious" (People v McDaniel, 81 NY2d 10, 18). Here, the defendant fails to present "some actual evidence of knowledge on the part of the prosecution that" the evidence proffered by the prosecution was false (People v Brown, 56 NY2d 242, 247).
Moreover, the defendant's related contention that certain comments made by the prosecutor during the opening statement and summation were improper and deprived him of a fair trial is unpreserved for appellate review, since the defendant failed to object to the challenged statements, seek curative instructions, or move for a mistrial on the grounds now raised (see CPL 470.05[2]; People v Flowers, 213 AD3d 692; People v McHarris, 297 AD2d 824). In any event, the challenged remarks were either fair comment on the evidence and the inferences to be drawn therefrom (see People v Adolph, 206 AD3d 753; People v Fuhrtz, 115 AD3d 760), fair response to defense counsel's comments during summation (see People v Dubarry, 215 AD3d 689; People v Adamo, 309 AD2d 808; People v Clark, 222 AD2d 446), or not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Almonte, 23 AD3d 392, 394).
The defendant's contentions that the Supreme Court provided an unbalanced interested witness charge and improperly failed to provide a renunciation charge to the jury are unpreserved for appellate review, as the defendant did not object to the court's charge as given (see CPL 470.05[2]; People v Ewers, 195 AD3d 857; People v Jean-Baptiste, 37 AD3d 852, 853). In any event, the interested witness charge was proper as given (see People v Agosto, 73 NY2d 963, 967), and there is no reasonable view of the evidence to establish "that the object crime was abandoned 'under circumstances manifesting a voluntary and complete renunciation of [the] criminal purpose'" (People v Taylor, 80 NY2d 1, 13, quoting Penal Law § 40.10[3]).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's claim of actual innocence is not properly raised on this direct appeal. The appropriate forum for the defendant's claim of actual innocence is a CPL 440.10 proceeding. Such claims pertain to "'factual innocence, not mere legal insufficiency of evidence of guilt, and must be based upon reliable evidence which was not presented at the trial'" (People v Green, 201 AD3d 814, 815, quoting People v Hamilton, 115 AD3d 12, 23).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit.
BARROS, J.P., IANNACCI, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court