People v Maffei (2024 NY Slip Op 01729)

People v Maffei

2024 NY Slip Op 01729

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-06075
 (Ind. No. 844/06)

[*1]The People of the State of New York, respondent,
v
Robert Maffei, appellant.

Patricia Pazner, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (John T. Hecht, J.), dated July 28, 2021, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Robert K. Holdman, J.) rendered May 21, 2008, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was convicted, upon a jury verdict, of murder in the second degree. The judgment of conviction was affirmed on direct appeal (see People v Maffei, 165 AD3d 1173, affd 35 NY3d 264). Thereafter, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel based on defense counsel's failure to challenge a potentially biased prospective juror. The Supreme Court denied the motion without a hearing.
The Supreme Court did not err in denying the defendant's motion without a hearing. Contrary to the defendant's contention, the court could determine from the parties' submissions that the defendant was not deprived of the effective assistance of counsel (see People v Viera, 200 AD3d 726, 727; People v Brown, 183 AD3d 910, 911-912). The defendant failed to show that trial counsel acted without strategic or other legitimate explanation for the challenged conduct (see People v Viera, 200 AD3d at 727) or that trial counsel's single alleged error was sufficiently egregious and prejudicial as to compromise his right to a fair trial (see People v Caban, 5 NY3d 143, 152).
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court