People v Wells (2024 NY Slip Op 04082)

People v Wells

2024 NY Slip Op 04082

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-10440
 (Ind. No. 1828/95)

[*1]The People of the State of New York, respondent,
v
Ronald Wells, appellant.

The Exoneration Initiative, New York, NY (Glenn A. Garber and Rebecca E. Freedman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Rhonda Tomlinson, J.), dated November 10, 2022, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Michael A. Gary, J.) rendered May 13, 1996, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground, inter alia, that the prosecution committed a Brady violation (see Brady v Maryland, 373 US 83; People v McGhee, 36 NY3d 1063, 1064-1065) by failing to disclose certain police reports to the defense prior to trial. Based upon the parties' submissions in support of and in opposition to the defendant's motion, there was no reasonable possibility that any such nondisclosure affected the outcome of the trial (see People v Fuentes, 12 NY3d 259, 263). Accordingly, the Supreme Court properly denied that branch of the defendant's motion, without a hearing (see People v Krivoy, 135 AD3d 876, 877).
The Supreme Court also properly denied that branch of the defendant's motion which was to vacate the judgment of conviction on the ground of misrepresentation or fraud on the part of the prosecutor in failing to correct purportedly false and misleading testimony (see CPL 440.10[1][b]). There is no reasonable possibility that any such correction by the prosecutor would have changed the jury's verdict (see People v Giuca, 33 NY3d 462, 478).
The Supreme Court properly denied that branch of the defendant's motion which was to vacate the judgment of conviction based on newly discovered evidence (see CPL 440.10[1][g]). Failure to make the motion with due diligence following the discovery of the new evidence warrants denial of the motion without a hearing (see People v Green, 201 AD3d 814). In any event, insofar as the new evidence was in fact newly discovered, no hearing is warranted as the defendant failed to show that the new evidence would probably change the result upon retrial (see People v Stokes, 211 AD3d 1243, 1246).
The Supreme Court providently exercised its discretion in summarily denying that branch of the defendant's motion which was to vacate the judgment of conviction on the ground of actual innocence (see People v Griffin, 120 AD3d 1257). "'"[A]ctual innocence" means factual innocence, not mere legal insufficiency of evidence of guilt, and must be based upon reliable evidence which was not presented at the trial'" (id., quoting People v Hamilton, 115 AD3d 12, 23). Here, the defendant did not make a prima facie showing of actual innocence, as the evidence he proffered did not constitute a sufficient showing of possible merit to warrant further exploration by the court (see People v Viera, 200 AD3d 726; People v Ramos, 194 AD3d 964).
IANNACCI, J.P., WOOTEN, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court