■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN A. MCNEAL, Appellant. [936 NYS2d 783]—

McCarthy, J.

Defendant was not denied his constitutional right to a speedy trial. While some of the factors laid out by the Court of Appeals weigh in favor of defendant (*see People v Romeo*, 12 NY3d 51, 55 [2009], *cert denied* 558 US —, 130 S Ct 63 [2009]; *People v Taranovich*, 37 NY2d 442, 445 [1975]), when considered in aggregate, the factors support a finding of no violation. The 2¹/₂-year delay between his first indictment and the filing of his motion to dismiss was lengthy, such that it would be considered excessive absent justification (*see People v Romeo*, 12 NY3d at 56; *People v Morris*, 25 AD3d 915, 916 [2006], *lv denied* 6 NY3d 851 [2006]; *People v Panarella*, 50 AD2d 304, 307 [1975]). The reasons for the delay justify that lengthy period. When defendant accepted the original plea offer, the case could not proceed to trial. Defendant sought time to confer with a second attorney, then failed to appear, requiring a continuation. After he withdrew his plea, the People moved to recuse the trial judge. Defendant was arrested on the assault charge, moved for appointment of new counsel, then moved to dismiss the indictment. County Court needed time to decide the motions. Much of the delay was caused by or attributable to defendant, and other delay occurred because the original assigned judge needed to travel from a distant county; very little of the delay was attributable to the People. The nature of the underlying charges was serious, i.e., more than one violent felony that resulted in extensive physical injuries to multiple victims. Defendant was only incarcerated after his arrest on the assault charge in June 2008, two years after his indictment. Finally, defendant made only generic claims of prejudice to his defense, without including any specific information. Considering all of the *Taranovich* factors, defendant was not deprived of his constitutional right to a speedy trial (*see People v Drake*, 38 AD3d 1009, 1010-1011 [2007], *lv denied* 8 NY3d 984 [2007]).

Defendant was not deprived of the benefit of his original plea bargain. County Court (Daley, J.) offered to allow defendant to withdraw his plea, presumably because the court was upset with the People's refusal to turn over the grand

jury minutes and it could obtain the minutes if the plea was vacated. The court was seriously considering dismissal of the indictment in the interest of justice (*see* CPL 210.20 [1] [i]; 210.40), raising a legitimate reason for defendant to seek vacatur of his plea. The court did inform defendant that he could face a greater sentence after further proceedings if the plea was withdrawn. Defendant, having been so informed, took a gamble at possibly having the indictment dismissed. Defendant regretted that decision after a new judge was assigned—one apparently less inclined to be lenient to defendant—and defendant was arrested on new charges, making it unlikely that the first indictment would be dismissed or that he would receive a lesser sentence. Although the court may have encouraged defendant to withdraw his plea, defendant did so knowingly. Therefore, defendant was not deprived of the benefit of his original plea bargain; he chose to forgo that plea in hopes of obtaining a better result, which—unfortunately for him—did not materialize.

Peters, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.