*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 28, 2016 106896
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

JAMES STOKES, Also Known as
    IS,
                        Appellant.
_____

Calendar Date: June 1, 2016

Before: Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ.

_____

        Arthur G. Dunn, Troy, for appellant, and appellant pro se.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered June 18, 2014, upon a verdict convicting
defendant of the crimes of criminal possession of a weapon in the
second degree, criminal possession of a weapon in the third
degree and criminal sale of a firearm in the third
degree.

        Following the shooting of two victims on April 15, 2013,
the suspected shooter was apprehended and found to be in
possession of ammunition, but not a firearm. Shortly thereafter,
an informant purchased from defendant the defaced firearm that
had been used during the shooting. As a result, in June 2013,
defendant was charged by indictment with criminal possession of a

weapon in the second degree, criminal possession of a weapon in the third degree (two counts) and criminal sale of a firearm in the third degree. Defendant was arrested later that month and a jury trial commenced in May 2014. At the conclusion of the trial, defendant was acquitted of one count of criminal possession of a weapon in the third degree and otherwise convicted as charged. He was subsequently sentenced, as a second felony offender, to an aggregate prison term of 14 years to be followed by five years of postrelease supervision. Defendant now appeals.

Defendant first contends that he was denied his constitutional right to a speedy trial by virtue of the 13-month delay between the commission of the crime and the time of trial. In reviewing this claim, "the factors to be considered are the length of and reason for the delay, the nature of the charges, whether there was extended pretrial incarceration and whether the defense was prejudiced" (People v Pope, 96 AD3d 1231, 1233 [2012], lv denied 20 NY3d 1064 [2013]; see People v Romeo, 12 NY3d 51, 55 [2009], cert denied 558 US 817 [2009]; People v Taranovich, 37 NY2d 442, 445 [1975]; People v Chaplin, 134 AD3d 1148, 1149 [2015], lv denied 27 NY3d 1067 [2016]). Defendant was indicted approximately two months after the commission of the crime and arrested two weeks later in another state. Although defendant's 10½-month period of incarceration between his arrest and the trial militates in his favor (see People v Anderson, 114 AD3d 1083, 1084 [2014], lv denied 22 NY3d 1196 [2014]), the remaining factors do not. In this regard, the delay at issue was not excessive and it can be attributed, at least in part, to the motions filed by defendant (see People v Scaringe, 137 AD3d 1409, 1412 [2016]). In addition, despite defendant's contention to the contrary, the charges are serious in nature (see People v Taranovich, 37 NY2d at 446), and he does not specify any prejudice occasioned by the delay (see People v Scaringe, 137 AD3d at 1412; People v Pope, 96 AD3d at 1234). Thus, upon consideration of the relevant factors, we find no constitutional violation (see People v Mercer, 105 AD3d 1091, 1093 [2013], lv denied 21 NY3d 1017 [2013]; People v McNeal, 91 AD3d 1204, 1205 [2012], lv denied 18 NY3d 996 [2012]).

Nor can we agree with defendant's contention that County

Court abused its discretion in denying his request for a missing witness charge as to the shooter.  Initially, the People's contention that defendant's request was untimely is unpreserved for our review (see People v Erts, 73 NY2d 872, 874 [1988]; People v Sullivan, 12 AD3d 1046, 1048 [2004], lv denied 4 NY3d 803 [2005]).  As for the merits, we find that defendant failed to meet his burden of establishing a precondition for the charge — namely, that the missing witness "would have given noncumulative testimony favorable to the People" (People v Baldwin, 35 AD3d 1088, 1091-1092 [2006]; see People v Savinon, 100 NY2d 192, 197 [2003]; People v Turner 73 AD3d 1282, 1284 [2010], lv denied 15 NY3d 896 [2010]).

Defendant also challenges County Court's response to a jury note seeking guidance on whether the precise time that the criminal sale occurred was important.  It is well settled that "while a trial court is without discretion in deciding whether to respond [to a jury note], the court does have discretion as to the substance of the response" (People v Santi, 3 NY3d 234, 248 [2004]; see People v Haardt, 129 AD3d 1322, 1324-1325 [2015]; People v Briskin, 125 AD3d 1113, 1121 [2015], lv denied 25 NY3d 1069 [2015]).  County Court conferred with the parties and then reread the elements of the criminal sale charge to the jury. Upon our review of the record, we are satisfied that this response was well within its discretion and was a meaningful response to the jury's inquiry (see CPL 310.30; People v Acevedo, 118 AD3d 1103, 1107-1108 [2014], lv denied 26 NY3d 925 [2015]; People v Buckery, 20 AD3d 821, 823 [2005], lv denied 5 NY3d 826 [2005]).

We also reject defendant's contention that County Court erred in calculating the duration of the order of protection issued in favor of the informant, as the record reflects that the duration takes into account defendant's jail time credit and properly includes the period of postrelease supervision (see CPL 530.13 [4] [A] [ii]; People v Crowley, 34 AD3d 866, 868 [2006], lv denied 7 NY3d 924 [2006]; cf. People v Lancaster, 121 AD3d 1301, 1305 [2014], lv denied 24 NY3d 1121 [2015]).  Defendant's related contention that the order of protection is invalid because County Court failed to state the reasons for issuing it is unpreserved for our review (see People v O'Connor, 136 AD3d

945, 945 [2016], lv denied 27 NY3d 1073 [2016]; People v Bryant, 132 AD3d 502, 502 [2015], lv denied 26 NY3d 1086 [2015]) and, in any event, is without merit (see People v Harden, 26 AD3d 887, 888 [2006], lv denied 6 NY3d 834 [2006]). Finally, in light of defendant's extensive criminal history, which dates back to 1983 and includes numerous felonies, we discern no basis from the record to reduce the sentence imposed (see People v Martin, 136 AD3d 1218, 1220 [2016]; People v Nelson, 128 AD3d 1225, 1228 [2015], lv denied 26 NY3d 1041 [2015]).

Defendant's remaining contentions have been considered and determined to be lacking in merit.

Peters, P.J., Garry, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court