People v Snow (2019 NY Slip Op 01680)





People v Snow


2019 NY Slip Op 01680


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

109218

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LORENZO J. SNOW, Appellant.

Calendar Date: January 16, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Tracy Donovan-Laughlin, Oneonta, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Jordan J. Yorke of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 12, 2016, upon a verdict convicting defendant of the crime of assault in the first degree.
In August 2015, defendant was indicted on charges of attempted murder in the second degree and assault in the first degree based on allegations that he intentionally and repeatedly stabbed the victim with a knife, thereby inflicting multiple stab wounds. Following a jury trial, at which defendant pursued a justification defense, defendant was acquitted of attempted murder in the second degree, but found guilty of assault in the first degree. He was subsequently sentenced to a prison term of 20 years, followed by five years of postrelease supervision. Defendant now appeals, primarily challenging the sufficiency of County Court's response to a jury note.
During the jury's deliberations, County Court received a jury note requesting "[t]he definition of both counts of the charges so [it could] review exactly." Upon receiving the note, County Court read its contents verbatim to counsel on the record, outside the presence of the jury, thereby satisfying its "core responsibility" under CPL 310.30 to provide counsel with meaningful notice of the specific content of the jury's request (People v Kisoon, 8 NY3d 129, 134 [2007]; see People v Silva, 24 NY3d 294, 298-299 [2014]; People v O'Rama, 78 NY2d 270, 277 [1991]). The court then proposed to counsel that it reread the definitions of the charged counts to the jury, to which defense counsel affirmatively stated that he had "[n]o objection." County Court thereafter read the note to the jury and stated that, after the lunch break, it would "read . . . the definitions of the crimes that [were] submitted to [it]" for deliberation. Again, defendant did not object. Following the recess, County Court read the charges for attempted murder in the second degree and assault in the first degree, each of which included the element that "defendant was not justified in his actions." County Court did not reread the justification charge, which defendant now asserts was in error. However, in the absence of a timely objection, defendant's argument is unpreserved (see People v Kadarko, 14 NY3d 426, 429-430 [2010]; [*2]People v LaDuke, 140 AD3d 1467, 1469 [2016]; People v Keener, 138 AD3d 1162, 1165 [2016], lv denied 27 NY3d 1134 [2016]).
Nevertheless, we will address defendant's challenge to the extent that he alleges that defense counsel provided him with ineffective assistance by failing to request that the justification charge be included in County Court's response to the jury note. A reading of the justification charge was not necessarily required by the jury note and, given that the instructions for both charged counts included the element that defendant not be "justified in his actions," County Court's response to the jury note was meaningful (see People v Santi, 3 NY3d 234, 248-249 [2004]; People v Almodovar, 62 NY2d 126, 131-132 [1984]; People v Bekka, 159 AD3d 578, 578 [2018], lv denied 31 NY3d 1078 [2018]; People v Stokes, 141 AD3d 1032, 1034 [2016], lv denied 28 NY3d 1075 [2016]; People v Rogers, 94 AD3d 1246, 1249 [2012], lv denied 19 NY3d 977 [2012]). Further, our review of the record reveals that defense counsel engaged in appropriate pretrial motion practice, conducted thorough direct and cross-examinations, presented a coherent defense and, overall, provided defendant with meaningful representation (see People v Hinojoso-Soto, 161 AD3d 1541, 1546-1547 [2018], lv denied 32 NY3d 938 [2018]; People Rogers, 94 AD3d at 1249). Accordingly, we affirm defendant's judgment of conviction.
Garry, P.J., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.