People v Davis (2020 NY Slip Op 06313)





People v Davis


2020 NY Slip Op 06313


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

109509

[*1]The People of the State of New York, Respondent,
v
Jason Davis, Appellant.

Calendar Date: October 9, 2020

Before: Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ.


Shane Zoni, Public Defender, Hudson (Jessica Howser of counsel), for appellant, and appellant pro se.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.



Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered March 10, 2017, convicting defendant upon his plea of guilty of the crimes of, among others, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.
Defendant was charged in two separate indictments with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree stemming from the same incident. Defendant moved, among other things, to suppress the physical evidence allegedly obtained from an illegal search and seizure. Following a suppression hearing, County Court denied the motion. Thereafter, defendant pleaded guilty to the aforementioned two indictments, as well as a third, unrelated indictment charging him with possessing a sexual performance by a child, and waived his right to appeal. The court sentenced defendant, as a predicate violent felony offender, in accordance with the plea agreement to concurrent prison terms of seven years, followed by three years of postrelease supervision, on the criminal possession of a controlled substance convictions and a lesser concurrent prison term on the remaining conviction. Defendant appeals, only with respect to his convictions of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.
On appeal, defense counsel seeks to be relieved of her assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. Upon our review of the record, defendant's pro se brief and counsel's brief, we disagree. To that end, we perceive issues of arguable merit, including the propriety of County Court's suppression ruling, that warrant further examination (see People v Holz, 35 NY3d 55 [2020]; People v Coles, 62 NY2d 908 [1984]). Accordingly, without passing judgment on the ultimate merit of such issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492—493 [2014]; People v Stokes, 95 NY2d 633, 639 [2001]; People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.