People v Davis (2023 NY Slip Op 23430)

[*1]

People v Davis

2023 NY Slip Op 23430

Decided on December 22, 2023

County Court, Columbia County

Nichols, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 22, 2023
County Court, Columbia County

The People of the State of New York,

against
Jason Davis, Defendant.

Indictment No. 17-041

Paul Czajka, Columbia County District Attorney
James Carlucci, Esq., of counsel
Columbia County District Attorney's Office
325 Columbia Street, Suite 260
Hudson, New York 12534
Attorney for the People
Shane Zoni, Columbia County Public Defender
Jessica Howser, Esq., of counsel
Columbia County Public Defender's Office
610 State Street
Hudson, New York 12534
Attorney for the Defendant

Jonathan D. Nichols, J.

By motion dated May 1, 2023, the Defendant seeks an order dismissing Indictment 17-041 on constitutional and statutory speedy trial grounds.
The People oppose the Defendant's motion by affirmation in opposition dated June 1, 2023.
On November 28, 2016, the Defendant was indicted, via Indictment 16-034, for 
a single count of the crime of Possessing a Sexual Performance by a Child. See, Penal Law § 263.16. At that time the Defendant had already been charged with Criminal Possession of a Controlled Substance in the Fourth Degree (see, Penal Law § 220.09 [1]) via Indictment 16-001, dated February 16, 2016. Thereafter, the Defendant was charged with the crime of Criminal Possession of a Controlled Substance in the Third Degree (see, Penal Law § 220.16), by Indictment 16-040, dated December 8, 2016.[FN1]

On December 12, 2016, the Defendant entered a plea of guilty to the charges set forth in Indictment 16-034, Indictment 16-001 and Indictment 16-040, and was subsequently sentenced to [*2]respective terms of incarceration of 2 to 4 years, and 7 years determinative, on March 10, 2017,[FN2]
to be served concurrently. The Defendant subsequently commenced an appeal regarding his conviction upon the charges contained in Indictments 16-001 and 16-040. He did not appeal his conviction for the charge contained in Indictment 16-034.
On April 6, 2017, the Defendant was indicted, via Indictment 16-034 (2), on 14 counts of Possessing a Sexual Performance by a Child (see, Penal Law § 263.16) and 15 counts of Promoting a Sexual Performance by a Child. See, Penal Law § 263.15.
Thereafter, by motion dated June 30, 2017, the Defendant, relative to Indictment 16-034 (2), moved for an order of dismissal pursuant to CPL § 40.40, and dismissal of the 14 counts of Possessing a Sexual Performance by a Child pursuant to CPL § 40.20. The People opposed the Defendant's motion. 
On August 1, 2017, the Defendant was charged, via Indictment 17-041, with the a single count of the crime of Course of Sexual Conduct Against a Child in the First Degree. See, Penal Law § 130.73 (1)(b). The Defendant was arraigned on that charge on August 21, 2017. The People declared trial readiness at the arraignment.
By motion dated August 18, 2017, the People sought to consolidate Indictment 16-034 (2) and Indictment 17-041. The Defendant opposed.
By Decision and Order dated September 6, 2017, this Court granted the Defendant's motion and dismissed Indictment 16-034 (2) as barred pursuant to CPL § 40.40 due to the Defendant's guilty plea to Indictment 16-034, and also dismissed the 14 counts of Possessing a Sexual Performance by a Child (see, Penal Law § 263.16) pursuant to CPL § 40.20. The Court also denied the People's motion to consolidate Indictment 16-034 (2) and Indictment17-041 as moot in light of the dismissal of Indictment 16-034 (2). 
The People generated a Notice of Appeal, dated September 6, 2017, purporting to appeal from said Decision and Order, and served, inter alia, this Court and the Defendant's attorney, with same. A time-stamped copy of said Notice of Appeal is appended hereto.
Thereafter, via motion dated September 29, 2017, the Defendant moved, inter alia, for an order dismissing Indictment 17-041 pursuant to CPL § 40.40. The People opposed the Defendant's motion. By Decision and Order dated December 15, 2017, this Court denied the Defendant's motion, without prejudice to the Defendant submitting a subsequent motion, due to its inability upon the record before it " to conclude that the People had sufficient evidence to support a conviction of the Defendant for the offense charged in Indictment 17-041 at the time the Defendant entered a plea of guilty to the offense charged in Indictment 16-034." In response, the Defendant commenced a CPLR Article 78 proceeding and submitted a petition seeking a writ of mandamus, or, alternatively, a writ of prohibition barring the People from prosecuting Indictment 17-041 pursuant to CPL § 40.40. The petition was denied by the Appellate Division, Third Department, on June 13, 2019. See, Davis v. Nichols, 173 AD3d 1385.
Thereafter, the Defendant's trial on Indictment 17-041 was duly scheduled to commence [*3]on May 26, 2020. However, at a conference held on March 12, 2020, the Court inquired whether there was ". . . any further word with respect to the appeals that are pending. . .when we might expect decisions from our appellate division." (People v. Jason Davis, transcript of proceedings for March 12, 2020, p. 3). In response the People advised the Court that "the defendant's appeal time to file his brief was extended. . . to May 26th." Id. Counsel for the Defendant stated that he did not have any information on the appeal issue in that he personally was ". . . was not handling the appeal." Id, at p. 4. In light of that information the Court stated that ". . . unless there's some objection. . . I'll remove the trial. I'm not going forward with the trial." Id. Neither party raised an objection and the Court ruled that it would ". . . remove the dates for the pretrial as well as the trial, and we'll just await information from the appeal." Id, at p. 6.
Unbeknownst to the Court at time of the March 12, 2020, conference, the only appeal pending as of that date was the Defendant's appeal relative to Indictments 16-001 and 16-040. As discovered by the Court upon subsequent investigation and inquiry, the People failed to file their appeal notice relative to Indictment 16-034 (2) with the Columbia County Clerk's Office, and failed to take any steps to pursue an appeal as to that particular matter. Moreover, as acknowledged by the People in a letter to the Court dated September 28, 2022,[FN3]
the Defendant's appeal only involved Indictments 16-001 and 16-040, and did not involve Indictment 16-034. 
With regard to the Defendant's appeal relative to Indictments 16-001 and 16-040, the Appellate Division, Third Department rendered a Memorandum and Order on November 5, 2020, which withheld decision and assigned new counsel to the Defendant (see, People v. Davis, 188 AD3d 1303) and, thereafter, by Memorandum and Order dated April 7, 2022, affirmed the Defendant's convictions. See, People v. Davis, 204 AD3d 1072. Consequently, no appeals are currently pending regarding any of the Defendant's criminal cases venued in Columbia County.
Defendant's Constitutional Speedy Trial Claim
As of the date of the Defendant's instant motion, 2,079 days have passed since the Defendant's arraignment on Indictment 17-041. Proceeding from that fact, the Defendant's motion asserts, inter alia, that the delay in bringing him to trial violates his constitutional right to a speedy trial.
In accessing the Defendant's constitutional claims, the Court considers the same in light of the five factors enumerated by the Court of Appeals in People v. Taranovich (37 NY2d 442), i.e., (1) the extent of the delay (2) the reason for the delay (3) the nature of the underlying charge (4) whether there was an extended period a pre-trial incarceration and (5) whether there is any indication that the defense was impaired by the delay. See, People v. Taranovich, id at 445.
At the outset, it should be noted that none of the 5 factors enumerated by Taranovich is determinative considering whether a given defendant's constitutional right to a speedy trial has been violated. See, People v. Taranovich, id; People v. Wiggins, 31 NY3d 1, 10. Rather, "(t)he Taranovich framework is a holistic one," (People v. Johnson, 39 NY3d 92, 96), and the factors must be considered "on an ad hoc basis." People v. Taranovich, id; see, People v. Johnson, id. 
1. The Extent of the Delay
While the extent of the delay factor can be critically important due to the fact that the probability of a given defendant suffering as the result of delay increases in proportion to the length of the delay, it remains that "(t)here is no specific temporal period by which a delay may be evaluated or considered 'presumptively prejudicial.'" People v. Romeo, 12 NY3d 51, 56, citations omitted. Indeed, the Court of Appeals has declined to establish a ". . . per se period beyond which a criminal prosecution may notbe pursued." People v. Taranovich, id; see, People v. Johnson, id at 97; People v. Romeo, id.
The delay in bringing this particular matter to trial is clearly significant and so militates in the Defendant's favor. See, People v. Stokes, 141 AD3d 1032, 1033; People v. Anderson, 114 AD3d 1083, 1084. Although both the Defendant and circumstances beyond the control of either of the parties to this proceeding played some role in the delay, as will be discussed in greater detail infra, the bulk of the delay was caused by the inaction and omissions of the People. Moreover, the extent of the delay is such that particular attention must be paid to the reason for the delay. See, People v. Wiggins, id at 11; People v. Romeo, id.
2. Reason for the Delay
In assessing the reason for delay, the Court notes that prosecutors have less warrant to delay proceedings relative to a criminal case that has already been commenced, than they do to delay commencing a criminal proceedings in the first place See, People v. Wiggins, id at 13. Indeed, ". . . having instituted the prosecution by detainer warrant, indictment or other initiatory process, they have the obligation of advancing it unless there is a reasonable ground for delay." People v. White, 32 NY2d 393, 398, quoting People v. Winfrey, 20 NY2d 138, 144; see, People v. Wiggins, id at 13-14. Furthermore, while the fact that the People have caused a proceeding already commenced to be delayed for good faith reasons affords them some manner of leeway (see, People v. Wiggins, id at 13), the fact that the People are acting in ". . . good faith will not insulate their decision to delay trial from judicial review on constitutional speedy trial grounds." People v. Wiggins, id, citations omitted; see, People v. Romeo, id.
In considering the reasons for the delay it is apparent that the Defendant's actions were, in certain respects, a contributing factor. In this regard, by seeking a writ of mandamus and/or a writ of prohibition, an action which if successful would have prevented a trial on Indictment 17-041, the Defendant necessarily foreclosed the Court from entertaining a trial for that matter. Clearly the Court would have acted nonsensically to schedule a trial in the face of the fact that the Appellate Division was in the process of a considering an application to prohibit that same trial. Therefore, the period of time between the filing of the petition (September 28, 2018) and the date of the petition's dismissal by the Appellate Division (June 13, 2019), i.e., that of 258 days, cannot in any way be attributed to the actions, omissions, or inaction of the People. In addition, the Defendant consented to an adjournment of the May 26, 2020 trial date on March 12, 2020.
Circumstances beyond the control of either party to this proceeding also played a role in delaying a trial on Indictment 17-041. Due to the COVID-19 pandemic, speedy trial periods [*4]were tolled by Executive Order 202.8 between March 20, 2020 to October 4, 2020, a period of 199 days, and jury trials were suspended in New York State from November 16, 2020 to March 22, 2021, a period 126 days.
However, notwithstanding the aforesaid, the overarching reason for the delay in bringing Indictment 17-041 to trial was due to the People's failure to advise the Court, which, by virtue of having been served with a notice of appeal had reason to believe otherwise, that no appeal had been pursued relative to the dismissal of Indictment 16-034 (2). An appeal regarding the dismissal of Indictment of 16-034 (2) clearly, as a practical matter, foreclosed holding a trial on Indictment 17-041. If the Court's Decision and Order dismissing the indictment was reversed by the Appellate Division and the charges contained therein reinstated, the result would have been the resuscitation of a number of Penal Law Article 263 charges involving the Defendant and the same alleged victim; charges that could have appropriately been tried along with those contained in Indictment 17-041. Moreover, the People's motion to consolidate Indictments 16-034 (2) and 17-041 would no longer be moot. While the Court is aware, as aforesaid, that the COVID-19 pandemic caused, inter alia, the suspension of jury trials for a time, it remains that nothing prevented the People from advising the Court during that time that no appeal by the People was pending relative to Indictment 16-034 (2).
The People's failure to notify the Court that they had not pursued an appeal relative to Indictment 16-034 (2) beggars the imagination, particularly when that failure in considered in light of the Appellate Division's dismissal of the Defendant's Article 78 proceeding on June 13, 2019. Clearly the People knew, or should have known, that with both the Defendant's challenge to the Court's determination vis a vis Indictment 17-041 and their own challenge to the Court's dismissal of Indictment 16-034 (2) resolved, no practical impediment prevented Indictment 17-041 from being scheduled for trial. As such, it was incumbent upon the People to inform the Court of that fact. Notwithstanding, it was not until Attorney Carlucci's letter to the Court dated September 28, 2022, that the People informed the Court that no appeal had been pursued as to the dismissal of Indictment 16-034 (2). Thus, from June 13, 2019, to September 28, 2022, the People withheld vital information from the Court that would effect whether Indictment 17-041 was in a triable posture. Moreover, the effect of the People's failure to inform the Court, along with their concomitant failure to adequately explain that failure, is highlighted upon consideration of the March 12, 2020, conference that resulted in the adjournment of the May 26, 2020 trial date for Indictment 17-041. While the People assert in opposition that the trial date was adjourned due to the fact that at the March 12, 2020 conference "...the defendant's appeal of his convictions on Indictments 16-001 and 16-034 were discussed and it was determined and agreed upon by all parties that the prosecution of this case could not go forward until that appeal was decided," (People's Affirmation in Opposition, dated June 1, 2023, paragraph 22), such an assertion is untenable. Indictments 16-001 and 16-040, which involved Penal Law Section 220 charges, had no relation to the alleged sex crimes that informed Indictment 17-041. Moreover, unlike the People's appeal of the dismissal of Indictment 16-034 (2), the Defendant's appeal (which did not involve Indictment 16-034, a Penal Law Section 263 crime), did not carry with it [*5]the potential of necessarily effecting any proceedings related to Indictment 17-041.[FN4]
Thus, any statement by the Court as to an pending appeal that would prevent Indictment 17-041 from going to trial necessarily referred, as previously discussed, to Indictment 16-034 (2). Therefore, rather than inform the Court that no appeal was pending regarding Indictment 16-034 (2), the People allowed the Court to persist in its belief that the People's unresolved appeal posed a practical impediment to trial going forward, and thus caused the Court to adjourn the trial. Finally, even though the suspension of jury trials caused by the COVID-19 pandemic would have prevented the trial on Indictment 17-041 from taking place on May 26, 2020, in any event, it remains that when jury trials eventually resumed, Indictment 17-041 would have been on the trial calendar awaiting a specific date but for the People's failure to inform the Court as to the actual status of Indictment 16-034 (2).
Thus, the reason for the delay factor decidedly militates in favor of the Defendant. While the Court declines to attribute bad faith to the People, it correspondingly cannot credit the People with acting in good faith when their role in causing the delay of this proceeding is considered. Cf, People v. Wiggins, id; People v. Romeo, id.
3. Nature of the Underlying Charges
In considering the third of the Taranovich factors, i.e., the nature of the charge, it is readily apparent that the nature of the charges lodged against the Defendant in Indictment 17-041 are extremely serious and warrant careful investigation. See, People v. Romeo, id at 57-58; People v. Denis, 276 AD2d 237, 248; lv. denied 96 NY2d 861. Indeed, the People's opposition to the Defendant's motion as it pertains to factor 3 of Taranovich, rests entirely on the seriousness of the charges. However, the nature of the charge factor does not rely only upon whether the charges at hand are serious, it also demands considerations as to whether the charges, and the circumstances of the case, involve a level of complexity of such nature such to necessitate time-consuming preparation and thus to justify a delay in bringing the matter to trial. See, People v. Johnson, id. In the case at bar, the Court notes that the People stated that they were ready for trial on the date of the Defendant's arraignment, i.e., on August 21, 2017. The People have not identified anything that caused this matter to be delayed that involve complexity of issues, or the need for extensive preparation. Furthermore, this matter was scheduled for trial on May 20, 2020. Prior to the trial being adjourned at the conference held on March 12, 2020, the People made no assertion that they could not be ready for trial on the scheduled date, nor was the reason for the adjournment that occurred related to any issue involving complexities impacting the People's preparation. Finally, the Court notes that the People tried the individual who was a co-defendant with the Defendant on all but 1 of the 29 counts that comprised Indictment 16-034 (2) on September 11-12, 2017. The fact that the People were able to bring that co-defendant to trial on evidence that is, at the very least, intertwined with the evidence the animates Indictment 17-[*6]041, undercuts any inference that the instant case has been delayed by evidentiary complexity. 
Thus, the nature of the charge factor militates in favor of the Defendant.
4. Extended Period of Pretrial Detention
As to the 4th Taranovich factor, the Defendant was not incarcerated relative to Indictment 17-041 prior the instant motion. See, People v. Denis, id at 249. As such, that factor militates in favor of the People.
5. Evidence of Prejudice to the Defendant
As to the 5th Taranovich factor, the Defendant has not identified any prejudice arising from the delay in bringing this matter to trial, other than the extent of the delay itself. Although the Court does not agree with the Defendant that is delay is extraordinary and such to dispense with the need to demonstrate prejudice, the substantial nature of the delay at issue is such that this factor does not militate in favor of either of the parties. Cf, People v. Wiggins, id at 17-18.
Analysis
Upon consideration of all of the Taranovich factors both in and of themselves, and in light of the circumstances of this case, it is apparent that the Defendant's constitutional right to a speedy trial; was violated. The delay was substantial, there was no good reason for the delay, the reason for the delay was largely due to the People's inaction/omissions, and the People had no good faith reason for such inaction/omission. Although the Defendant was not incarcerated on the charges and the issue of prejudice is somewhat opaque, a review of all aspects of this case overwhelmingly supports dismissal on constitutional grounds.
Now, based on the aforesaid, the indictment is Dismissed, with prejudice.
This constitutes the Decision and Order of this Court.
Dated: December 22, 2023.
Hudson, New York.
ENTER:
Jonathan D. Nichols, J.C.C.

Footnotes

Footnote 1:The criminal conduct alleged in Indictments 16-001 and 16-040 arises from the same criminal transaction.

Footnote 2:Although the People incorrectly assert that the Defendant was given a determinative sentence of 6 years (see, People 's Affirmation in Opposition, dated June 1, 2023, paragraph 8), the record conclusively demonstrates that the determinative sentence imposed was that of 7 years. See, People v. Davis, 188 AD3d 1303, 1303.

Footnote 3:"The defendant did not appeal his conviction for Possession of a Sexual Performance of a Child." James A. Carlucci, Esq., Chief Assistant District Attorney, email to the Court dated September 28, 2022.

Footnote 4:Similarly untenable is the People's claim that after the dismissal of the Defendant's Article 78 proceeding ". . . the prosecution of Indictment 17-041 was tolled due to the appeals by both parties." As discussed previously, the Defendant's appeal as to Indictments 16-040 and 16-001 did not toll the proceedings as to Indictment 17-041, while the People had no pending appeal at all.